LEWIS B. JUDD AND VIVIENNE JUDD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Judd v. Commissioner
Docket No. 23024-88
United States Tax Court
T.C. Memo 1990-253; 1990 Tax Ct. Memo LEXIS 272; 59 T.C.M. (CCH) 663; T.C.M. (RIA) 90253; May 23, 1990, Filed William F. De Francis, for the petitioners. Robert W. Sadowski, for the respondent. GERBER, Judge. GERBER
*916 MEMORANDUM FINDINGS OF FACT AND OPINION This matter is before us to consider petitioners' Motion to Dismiss For Untimely Receipt of Notice of Deficiency (Motion to Dismiss for Lack of Jurisdiction), filed November 6, 1989. The issues for consideration are: (1) Whether petitioners' receipt (other than by mail) of a notice of deficiency which had been mailed, but not addressed to their "last known address," at a time when the period for assessment would have expired, but for the issuance of said notice, would result in our jurisdiction; and (2) whether the petition herein was timely filed. FINDINGS OF FACT Petitioners, who at all times *274 pertinent to this proceeding were married, had their legal residence at Jupiter, Florida, at the time of the filing of their petition herein. Petitioners' 1984 Federal income tax return, which was received by respondent June 18, 1985, reflected "MAN O WAR CAY, ABACO, BAHAMAS" (Bahamas address) as their mailing address on a pre-printed label provided to petitioners by respondent. Petitioners had resided at the Bahamas address from about 1970 until sometime in 1986, when petitioners moved to Jupiter, Florida. Petitioners' 1987 Federal income tax return, reflected their address as "C/O GOLDING, 105 Eganfuskee Street, Jupiter, FL 33477" (Jupiter address) and also was printed on a pre-addressed label provided to petitioners by respondent. On June 3, 1988, subsequent to petitioners' filing of their 1987 return, respondent mailed a notice of deficiency for petitioners' 1984 taxable year to their Bahamas address. The notice was received by the Bahamian postal representative on Man O War Cay, a locality with a population approximately 265 people. On or about August 10, 1988, Jerry Tubbs (Tubbs), a friend of petitioners, was at Man O War Cay on business and the Bahamian postal representative *275 inquired whether Tubbs knew of the whereabouts of petitioners. The Bahamian postal representative gave the notice to Tubbs for delivery to petitioners. Tubbs delivered the notice to petitioners at Jupiter, Florida on or about August 12, 1988. The petition in this case was mailed on September 1, 1988, and filed on September 6, 1988. OPINION Petitioners assert that we do not have jurisdiction and that this case should be dismissed because the notice was not sent to their last known address and the 3-year statutory period within which the tax could be assessed had expired before August 12, 1988, when they actually received notice of respondent's determination. Respondent agrees that the notice had not been sent to petitioners's last known address, but that a notice had been mailed to petitioners, they received actual notice and they timely petitioned, providing this Court with jurisdiction. We agree with respondent. The parties agree that respondent determined a deficiency with respect to petitioners. It is also agreed that respondent did not mail a notice to petitioners' "last known address." Petitioners argue that respondent's failure to mail a notice to their last known *276 address raises the fundamental issue of whether respondent issued and mailed a notice or otherwise attempted to communicate a deficiency determination. More specifically, petitioners argue that respondent's failure to mail a notice to their last known address as required by section 6212, [1] may be tantamount to a complete failure by respondent *917 to mail a deficiency notice. They conclude that the 3-year period for assessing a deficiency had expired and that respondent is barred from assessing any tax deficiency. Respondent, under the standard of , was charged with knowledge that petitioners had established a new residence at the Jupiter address. Although respondent failed to comply with the last known address requirement of section 6212(b), he did comply with the more basic requirements of sections 6212(a), 6213(a), *277 and 6503(a)(1) by issuing, attempting to mail or otherwise communicate a deficiency determination to petitioners. Miller v. Commissioner, 94 T.C. , (March 8, 1990) (slip op. at 19-23). Simply stated, the notice was not mailed to petitioners' "last known address" but was nonetheless timely mailed and respondent's failure to comply with the last known address requirement of section 6212(b)(2) did not invalidate the notice. Respondent argues that he mailed a notice to petitioners; that they received actual notice; and that they timely petitioned this Court providing for our timely acquisition of jurisdiction. If the Commissioner determines that there is a deficiency in income tax, respondent must notify or attempt to notify the taxpayer(s) of the deficiency determination. Sec. 6212(a). [2] With some exceptions not applicable here, respondent is precluded from assessing and collecting any tax deficiency without first mailing a notice of deficiency under section 6212(a) or otherwise notifying the taxpayer of the deficiency. Sec. 6213(a). *278 Although rarely focused upon, it should be understood that respondent is not limited to the use of a mailing by certified or registered mail to effectuate notice of his deficiency determination. Respondent may use regular mail. See , affd. , and cases cited therein. If respondent uses certified or registered mail addressed to a taxpayer's "last known address," then he is protected and within a safe harbor as to the requirements of sections 6212 and 6213. However, actual or direct notice or delivery suffices to meet the requirements of section 6212. ; , affg. . Respondent may issue a valid notice even though he fails to meet the mailing requirements of section 6212(a). Section 6212(b) is to guide respondent in determining where to mail the notice of deficiency. Paragraph (1) of section 6212(b) provides, as follows:
(1) Income and gift taxes and certain excise taxes. -- In the *279 absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, or chapter 45 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, chapter 45, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. In the present case respondent was constructively charged with and had actual knowledge of petitioners' Jupiter address. Although respondent did not meet the last known address requirements, the joint deficiency notice was a notice of a deficiency determination within the meaning of section 6212(a). Further, it notified petitioners that a deficiency had been determined against them; and it gave petitioners the opportunity to petition this Court for a redetermination of the deficiency without having to first pay the deficiency. See ; ; . *280 We have held that the mailing of a notice of deficiency to a taxpayer's last known address under section 6212(b) is a safe harbor assuring respondent that the notice is valid for purposes of section 6212(a). Consequently, a notice that is mailed to the taxpayer's last known address will toll the period for assessment even if the notice is not received by the taxpayer. , affg. on other grounds ; , revg. and remanding a Memorandum Opinion of this Court; ; ; , affd. without published opinion ; . In certain relatively unique circumstances, however, the mailing of a deficiency notice which is not addressed to the taxpayer's *281 last *918 known address may result in our acquisition of jurisdiction. In a limited but established line of cases an incorrectly addressed notice has resulted in our jurisdiction where the taxpayer receives "actual notice [of the contents of the deficiency notice] without prejudicial delay * * *." , affg. ; see also ; ; ; ; ; see also , revg. a Memorandum Opinion of this Court. By providing the safe harbor of section 6212(b), Congress did not intend to invalidate actual rather than constructive methods of communicating respondent's determination. .; , contains a discussion of the "actual *282 notice"principle, as follows: The deficiency notices in those cases were held to be valid because they served the two functions of section 6212: (1) They notified the taxpayer that a deficiency had been determined against him; and (2) they gave the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. Both elements are satisfied here. Petitioners received actual notice of the deficiency and were aware of respondent's determination of a deficiency. Moreover, the petition was timely mailed within 90 days after respondent mailed the notice of deficiency. Our holding here is in accord with the opinion of the Court of Appeals for the Ninth Circuit in , which held that a notice of deficiency is valid if its mailing results in actual notice without prejudicial delay, or if the notice is mailed to the taxpayer's last known address. [3] The Court of Appeals for the Ninth Circuit held that: in those cases where actual notice did not result or was not proved to have resulted from a mailing, or where delivery of mail was delayed to the prejudice of the petitioner in seeking redetermination, *283 mailing to suffice under [section] 6212(b) must be to the last known address. We conclude, however, that if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of [section] 6212(a) no matter to what address the notice successfully was sent. [Fn. ref. omitted.] We, therefore, conclude that the notice of deficiency in the instant case is valid and that we have jurisdiction to consider the merits of this case. Petitioners also argue that the 3-year period within which respondent may assess under section 6501(a) expired with respect to their 1984 tax year. Petitioners rely upon the fact that they *284 did not receive the deficiency notice until August 12, 1988, more than 3 years after the return for 1984 was filed. This argument was squarely addressed and rejected by this Court in . There, respondent mailed the deficiency notice before the statute of limitations expired. However, the notice was not addressed to the taxpayers' last known address. Nonetheless, the taxpayers received the notice, but after 3 years from the date their returns were filed. The taxpayers argued that the notice did not become valid for any purpose until it was actually received by them, by which time the statute of limitations under section 6501(a) had expired. In dismissing this argument, we held as follows: Based on the express language of section 6503(a)(1), the Ninth Circuit's opinion in Clodfelter, and on the foregoing reasons, we hold that the mailing of the notice of deficiency, which complied with section 6212(a) [under the same reasoning we have applied here], which was received by petitioners, and in regard to which a timely petition was filed in this Court, tolled the period of limitations on the date the notice was mailed even *285 though the notice was not sent to their last known address. Therefore, since the mailing date of that notice was the last day of the 3-year period under section 6501(a), a valid notice of deficiency was issued. [; see also .] See also Miller v. Commissioner, supra (slip op. at 24-25). We, accordingly, hold here that respondent's determination (statutory notice of deficiency) was timely communicated and that the period for assessment was tolled and has not expired. Finally, petitioners argue that their petition was untimely because it was filed 95 days after the mailing of the notice of deficiency. Under section 6213 taxpayers with domestic addresses have 90 days and taxpayers with addresses *919 outside of the United States have 150 days within which to file a petition with this Court from a notice of deficiency. Petitioners argue that petitioner had only 90 days because they were not, and their last known address was not, outside of the United States on June 3, 1988, when the notice of deficiency was mailed. Respondent, on brief, disagrees *286 with petitioners' position that they were not entitled to the 150-day period within which to file a petition. Respondent, also argues that the petition was timely filed under the 90-day period because it was timely mailed. Although section 6213 refers to the filing of a petition in connection with the 90 and 150-day periods, a petition to this Court is deemed timely filed if it is timely mailed. See sec. 7502(a); sec. 301.7502-1(a) and (b)(i)(ii), Proced. & Admin. Regs.; . The petition in this case was mailed to this Court by certified mail. The postage fees for mailing and certification were satisfied by means of a private postage meter stamp bearing the date September 1, 1988. Respondent relies upon the postage meter date to argue timely mailing and petitioner did not offer contrary evidence or offer argument to the contrary. Accordingly, we hold that the timely mailed petition was timely filed. To reflect the foregoing, An appropriate order will be issued denying petitioners' motion.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended and in effect for the period under consideration.↩
2. Sec. 6212(a) provides: If the Secretary determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer by certified or registered mail.↩
3. The Court also acknowledged the existence of other methods of providing valid notice. , affg. ; see also , affd. .↩